Edith Sanchez Shea (SBN 177578)
E-mail: eshea@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Plaintiff
The Northwestern Mutual Life Insurance Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MANDANA MIRESMAILI, D.D.S., <br><br> Defendant. | Case No. 8:22-cv-1259 <br><br> **COMPLAINT FOR RESCISSION** <br><br> **[U.S.C. § 1332]** |

Plaintiff, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), through undersigned counsel, sues Defendant, Mandana Miresmaili, D.D.S. ("Miresmaili"), and alleges:

1. This Complaint is an action for rescission of a contract of insurance over which this Court has jurisdiction pursuant to 28 U.S.C. §1332, in that it is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and it is between citizens of different states.

2. Northwestern Mutual is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Wisconsin

///

and, thus, is not a citizen of the State of California. Northwestern Mutual is authorized to do business in the State of California.

3. Upon information and belief, at all times material to this action, Miresmaili maintained a residence in Broward County, Florida, and she has also resided in Irvine, California, and she was not a citizen or resident of the State of Wisconsin during any relevant time period.

4. Miresmaili is a natural person and resident of California and this Court therefore has personal jurisdiction over Miresmaili.

5. Venue is proper in this judicial district.

6. On or about July 7, 2020, in Ft. Lauderdale, Florida, Miresmaili applied to Northwestern Mutual for a disability insurance policy by signing and submitting a Disability Insurance Application ("DIA"). The DIA included a Medical History Questionnaire ("MHQ") dated June 12, 2020. On July 24, 2020, Miresmaili also participated in a Client History Interview ("CHI") with a Northwestern Mutual representative. The DIA, MHQ, and CHI are collectively referred to herein as the "Application."

7. In reliance upon the truth and accuracy of the answers provided by Miresmaili in the Application, Northwestern Mutual approved her for coverage and issued disability insurance policy no. D2799219 (the "Policy"), with an Issue Date of July 7, 2020.

8. Northwestern Mutual has performed or Defendant has waived all conditions precedent to the bringing of the Complaint.

9. This Complaint seeks rescission of the Policy pursuant to the laws of Florida and, alternatively, California.

10. Miresmaili intentionally and/or incorrectly stated facts and/or omitted facts and/or concealed facts and/or made material misstatements and misrepresentations in response to questions contained in the Application, in violation of Florida and, alternatively, California law.

11. In Section 17 of the DIA, entitled "Insured Financial," Miresmaili made the following representations regarding her "Total Earned Income":

    Current Year Estimate (2020): $200,000

    Last Calendar Year (2019): $200,000

    Two Calendar Years Ago (2018): $200,000

12. In her MHQ, under the Healthcare Providers section, Miresmaili answered "No" to Question 1, which asks "Do you have a regular physician, doctor or healthcare provider?"

13. In her MHQ, under the Diseases and Disorders section, Miresmaili answered "None" to Question 6, which asks Miresmaili to checkmark all diseases and disorders that are listed under the following Question: "In the past 10 years have you been told you had, been diagnosed with, or treated for **any** of the following by a medical professional."

14. In her MHQ, under the Healthcare History section, Miresmaili answered "No" to Question 14.A., which asks, "In the past 5 years, other than as previously stated on the application have you: Consulted any other medical professionals (medical doctors, psychiatrists, psychologists, counselors/therapists, chiropractors, naturopaths, occupational/physical/speech therapists or other healthcare providers)?"

15. Question 14 further indicated that if Miresmaili were to answer "Yes," "provide details of what was recommended and why the recommendation(s) was not completed." Miresmaili left this question blank.

16. Miresmaili's representations in response to the Application questions set forth in paragraphs 11 through 15, *supra*, were not accurate, true, and/or complete. Miresmaili also failed to provide supplemental or correct responses to these questions in her CHI, conducted on July 24, 2020.

17. On June 3, 2021, Northwestern Mutual received a Request for Disability Benefits from Miresmaili, in which she claimed to be disabled due to

injuries suffered during an RV accident occurring on September 19, 2020 (the "Claim").

18. During its investigation of the Claim, Northwestern Mutual learned for the first time that Miresmaili had made multiple misrepresentations in the Application. Upon acquiring Miresmaili's 2017, 2018, and 2019 income tax returns, it was discovered that, rather than earning $200,000 for the years in question, Miresmaili had earned less than one-half that amount.

19. During its investigation of the Claim, Northwestern Mutual also discovered that Miresmaili had failed to disclose extensive prior medical history, including, but not limited to:

- Treatment with internist, Dr. Eugenio Menendez (from 2013 to 2021), and psychologist, Dr. Matthew Simon (2019) for major depressive disorder, anxiety, neck and low back pain and a latex allergy. Treatment included prescriptions for Alprazolam and Prozac; and
- A psychiatric evaluation performed by Dr. Jan Faust in 2019 as part of Miresmaili's divorce proceedings.

20. Miresmaili's misrepresentations and/or omissions were knowingly and intentionally made for the purpose of obtaining the Policy.

21. Miresmaili knew and intended that Northwestern Mutual would rely on her answers to the questions contained in the Application.

22. Northwestern Mutual justifiably relied on the representations made by Miresmaili in the Application, which, unknown to Northwestern Mutual, contained knowing misrepresentations and omissions of material facts.

23. Northwestern Mutual reserves the right to assert additional misrepresentations, concealments, statements and/or omissions discovered during the course of this action.

///

24. Miresmaili's omissions and/or concealment of facts and/or incorrect statements and/or misrepresentations contained in the Application were material to the acceptance of the risk by Northwestern Mutual, and Northwestern Mutual in good faith would either not have issued the Policy at all, would not have issued the Policy at the same premium rate, would not have issued the Policy with as large a monthly disability income benefit, or would not have issued the Policy with the same terms and provisions if the true facts had been known to Northwestern Mutual.

25. Because Miresmaili made material misrepresentations, concealments, misstatements, and/or omissions in connection with her application for the Policy as set forth above, upon which Northwestern Mutual relied in issuing the Policy, the Policy is void *ab initio* under common law and pursuant to Florida and, alternatively, California statutes.

26. Northwestern Mutual is entitled to rescission of the Policy due to Miresmaili's omissions of material fact and/or incorrect statements and/or concealment of facts and/or material misrepresentations.

27. Northwestern Mutual has tendered to Miresmaili a refund of all premiums paid by her with respect to the Policy, with interest.

### FIRST CAUSE OF ACTION
**(Judicial Declaration Confirming Rescission of the Policy)**

28. Northwestern Mutual repeats and re-alleges the allegations of Paragraphs 1 through 27, above, as though fully set forth herein.

29. Based on the material misrepresentations and concealments supplied by Dr. Miresmaili, Northwestern Mutual issued Policy No. D2799219.

30. Prior to the filing of this action, Northwestern Mutual provided written notice to Dr. Miresmaili that Policy D2799219 had been rescinded, and Northwestern Mutual has tendered a refund of the premiums paid for the Policy, with interest, to the Defendant.

31. An actual case or controversy exists because Defendant has submitted a claim for benefits under the Policy, contending that the Policy remains in full force and effect. Northwestern Mutual contends, however, that the Policy is void *ab initio* as a result of Defendant's material misrepresentations and omissions, that it has rescinded the Policy as a result of those material misrepresentations and omissions, and that Defendant is not entitled to any benefits under the Policy.

32. For the reasons stated above, Northwestern Mutual is entitled to a judicial declaration confirming the propriety of Northwestern Mutual's rescission of the Policy.

WHEREFORE, Northwestern Mutual respectfully requests that this Court enter an order rescinding the Policy and finding that Miresmaili does not have any right, title, or interest in the Policy or any benefits thereunder, awarding Northwestern Mutual its costs, and granting Northwestern Mutual such other and further relief as this Court deems just and proper.

DATED: July 5, 2022        BURKE, WILLIAMS & SORENSEN, LLP

By: *s/ Edith S. Shea*
EDITH SANCHEZ SHEA
Attorneys for Plaintiff
The Northwestern Mutual Life Insurance Company